Affirmed; Memorandum Opinion filed February 17, 2004 Withdrawn, and
Substituted Memorandum Opinion filed April 29, 2004









Affirmed; Memorandum Opinion
filed February 17, 2004 Withdrawn, and Substituted Memorandum Opinion filed
April 29, 2004.

 




 
 
 
 
 
 
 
 
 
 
 
  
 




In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01115-CR

_______________

 

ALEX ADAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

__________________________________________________________

 

On
Appeal from the 208th District Court

Harris County, Texas

Trial
Court Cause No. 878,065

__________________________________________________________

 

S U B S T I T U T E D  
M E M O R A N D U M   O P I N I O
N

 

The
opinion issued in this case on February 17, 2004 is withdrawn, and the
following opinion is issued in its place.

Alex
Adams appeals a conviction for capital murder[1]
on the ground that the trial court erred in permitting the State to present
victim-impact testimony.  We affirm.








Relevance

Appellant=s first issue contends that the trial
court erred during the guilt stage of trial by allowing Officer Duharte=s testimony about what happened to
him during his hospital stay because it was victim impact evidence that was not
relevant.  A trial court=s decision to admit evidence is
reviewed for abuse of discretion.  Allen v. State, 108 S.W.3d 281, 284 (Tex. Crim. App. 2003), cert. denied, ___ S.
Ct. ___ (2004).

In
this case, Duharte was present and wounded during the offense.  Appellant acknowledges that the evidence
concerning the wounds Duharte received and the medical treatment he received
for those wounds could be same transaction contextual evidence and that the
evidence about the medication he was taking was relevant to resolving the
discrepancies between his trial testimony and a pre-trial statement he gave
while he was recuperating from his wounds.[2]

However,
when the State asked Duharte whether anything else happened to him during his
hospital stay that was life threatening, defense counsel objected based on
relevance, the prosecutor responded that it was res gestae of the offense, and
the trial court overruled the objection. 
On appeal, appellant contends that the testimony Duharte then provided,
regarding the trauma of being in the hospital without electricity during a
flood and an embolism he developed in the hospital, was inadmissible victim
impact evidence.








Appellant
did not refer to victim impact evidence in stating his relevance objection to
this testimony at trial.  To the extent
his complaint on appeal based on victim impact evidence differs from a mere
relevance objection, it does not comport with his objection at trial and
presents nothing for our review. 
Conversely, to the extent his challenge based on victim impact evidence
is the same as his relevance objection, appellant does not address at all, let
alone provide authority or analysis to explain, why the evidence was not
relevant as res gestae of the offense, as the prosecutor claimed.  Under these circumstances, appellant=s first issue affords no basis for relief
and is overruled.




Unfair Prejudice

Appellant=s second issue challenges the
admission of the same evidence as being unfairly prejudicial.[3]  However, an objection based on relevance is
not sufficient to preserve a complaint based on unfair prejudice.  Santellan v. State, 939 S.W.2d 155, 169
(Tex. Crim. App. 1997).  Because
appellant raised no objection at trial based on unfair prejudice, his second
issue presents nothing for our review. 
Accordingly, it is overruled, and the judgment of the trial court is
affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Substituted Memorandum Opinion filed April 29, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]           The
jury found appellant guilty of murdering Police Officer Vasquez but was unable
to reach a verdict on the second special punishment issue, and the trial court
sentenced him to life imprisonment.





[2]           We
refer to appellant=s petition for discretionary review filed April 6,
2004, as well as his original appellate brief.





[3]           See
Tex. R. Evid. 403 (Although
relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless
presentation of cumulative evidence).